IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV4-02-MU

| | |
|---|---|
| MICHAEL RAY WILLIAMS,    )<br>    Plaintiff,          )<br>                               )<br>    v.                       )<br>                               )<br>RICK JACKSON, Supt., of  )<br>  Lanesboro Correctional )<br>  Institution; and       )<br>KRISTIE BENNETT, Unit    )<br>  Manager at the Lanes-  )<br>  boro Correctional In-  )<br>  stitution,            )<br>    Defendants.         )<br>_____) | O R D E R |

**THIS MATTER** comes before the Court on initial review of the plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed January 6, 2006. After careful consideration, for the reasons stated herein, the plaintiff's Complaint will be <u>dismissed</u>.

By the instant Complaint, the plaintiff alleges that his constitutional rights are being violated by virtue of certain conduct which is taking place at the Lanesboro Correctional Institution. More particularly, the plaintiff alleges that upon his assignment to the Anson Unit of his facility in May 2005--which unit houses his prison's most problematic inmates--he has been threatened with bodily harm by fellow inmates. In addition, the plaintiff alleges that there are occasions when cell doors

suddenly are opened and inmates are able to "run[] amuck for several minutes"; that there also have been "several" occasions when inmates have fought among themselves; and that there are yet other occasions when correctional staff do not enter the cell block area for hours at a time. Consequently, by way of relief, the plaintiff seeks is seeking, <u>inter alia</u>, a transfer from Lanesboro Correctional Institution "to a facility where prison officials do not display a carefree attitude towards prisoners safety . . . ."

The Court does not doubt the sincerity of the plaintiff's concerns. However, the plaintiff's sincere beliefs aside, it is clear that he has failed to state a constitutional claim for relief.

First, while the plaintiff reports that at some point, he filed a grievance concerning these matters, he also candidly admits that such grievance has not yet been resolved. Indeed, the plaintiff indicated that he did not wait for the resolution of his grievance because he believes that this matter represents an emergency situation. However, given the fact that the plaintiff reports that he was transferred into the "volatile" Anson unit of his prison back in May, but has not suffered an actual attack over the past eight months since the transfer, this Court does not agree that his concerns represent an emergency situation. Therefore, the plaintiff's admitted failure to exhaust his

2

administrative remedies with regard to these matters subjects the instant Complaint to summary dismissal.

Second, by his Complaint, the plaintiff alleges that he has been threatened by fellow inmates; however, he has failed to set forth any allegations which demonstrate that he is in imminent danger. Thus, the plaintiff's allegations merely support a finding of verbal harassment by other inmates and, as such, they do not rise to the level of stating a constitutional claim for relief. See generally, Morrison v. Martin, 755 F.Supp. 683, 687 (E.D.N.C.) (verbal abuse, without more, states no claim for relief), aff'd, 917 F.2d 1302 (4th Cir. 1990).

Finally, the plaintiff has named two supervisory level prison officials as defendants in this action, but he has failed to set forth any more than conclusory statements to demonstrate that either defendant is/was aware of any of the alleged wrongdoing about which he complains. That is, in his Complaint the plaintiff only alleges that certain unidentified "correctional staff know of theses problems . . . "; that such unidentified "staff fail to ensure that each cell is secure"; and that the named defendants are liable to him because they "allow[]" their subordinates to open cell doors and stage fights between inmates. Accordingly, inasmuch as it is well settled that the imposition of supervisory liability is inappropriate in the absence of allegations which reflect the supervisor's actual or constructive

3

knowledge of his/her subordinate's misconduct, the plaintiff simply is not entitled to proceed against these two defendants notwithstanding the other problems with this Complaint. See Shaw v. Stroud, 13 F.3d 791, 798-99 (4th Cir.) (noting the elements for successful supervisory liability claim), cert. denied, 513 U.S. 813 (1994).

Based upon the foregoing, the plaintiff's Complaint will be dismissed without prejudice. See 42 U.S.C. 1997e (noting the Prisoner Litigation Reform Act's requirement for exhaustion of administrative remedies prior to initiation of civil rights action).

**SO ORDERED.**

**Signed: January 20, 2006**

Graham C. Mullen
Chief United States District Judge